## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERENDIA, LLC<br><br>　　　　Plaintiff,<br>　v.<br><br>CUTERA, INC.<br><br>　　　　Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Serendia, LLC ("Serendia") brings this complaint for patent infringement against Defendant Cutera, Inc. ("Cutera") and alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2. Plaintiff Serendia is a limited liability company organized and existing under the laws of the State of California with a place of business at 31631 Paseo Don Jose, San Juan Capistrano, CA 92675.

3. Upon information and belief, Defendant Cutera, Inc. is a Delaware corporation incorporated in the State of Delaware with a principal place of business at 3240 Bayshore Blvd., Brisbane CA 94005. Upon information and belief, Cutera sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and

introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction and proper authority to exercise venue over Cutera because it is incorporated in Delaware and by doing so has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.  This Court also has personal jurisdiction over Cutera under the laws of the State of Delaware, due at least to its substantial business in Delaware and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Delaware.

## THE ASSERTED PATENTS

8. The Asserted Patents all share the same named inventor, Dr. Jongju Na, and are members of just two patent families.  The '532, '774, and '812 patents are members of one patent family with a common specification and the '836, '379, and '444 patents are members of another patent family with a common specification.

**The '536 Patent**

9. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,320,536, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on April 26, 2016. *See* Ex. 1, '536 patent. The '536 patent issued from Application No. 13/825,083, filed on February 22, 2012. Ex. 1.

10. Serendia is the assignee and owner of the right, title, and interest in and to the '536 patent.

**The '836 Patent**

11. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,480,836, titled "Skin Treatment Apparatus and Method," to inventor Jongju Na on Nov. 1, 2016. *See* Ex. 2, '836 patent. The '836 patent issued from Application No. 14/006,930, filed on June 14, 2012. Ex. 2.

12. Serendia is the assignee and owner of the right, title, and interest in and to the '836 patent.

**The '774 Patent**

13. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,775,774, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on October 3, 2017. *See* Ex. 3, '774 patent. The '774 patent issued from Application No. 15/096,686, filed on April 12, 2016. Ex. 3.

14. Serendia is the assignee and owner of the right, title, and interest in and to the '774 patent.

### The '379 Patent

15. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 10,058,379, titled "Electrically Based Medical Treatment Device and Method," to inventor Jongju Na on August 28, 2018. *See* Ex. 4, '379 patent. The '379 patent issued from Application No. 15/202,511, filed on July 5, 2016. Ex. 4.

16. Serendia is the assignee and owner of the right, title, and interest in and to the '379 patent.

### The '812 Patent

17. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 10,869,812, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on December 22, 2020. *See* Ex. 5, '812 patent. The '812 patent issued from Application No. 15/724,261, filed on October 3, 2017. Ex. 5.

18. Serendia is the assignee and owner of the right, title, and interest in and to the '812 patent.

### The '444 Patent

19. The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 11,406,444, titled "Electrically Based Medical Treatment Device and Method," to inventor Jongju Na on August 9, 2022. *See* Ex. 6, '444 patent. The '444 patent issued from Application No. 17/061,523, filed on October 1, 2020. Ex. 6.

20. Serendia is the assignee and owner of the right, title, and interest in and to the '444 patent.

## FACTUAL BACKGROUND

21.     Dr. Na, the named inventor of all six Asserted Patents, has been called the "Father of Microneedling" and radio frequency (RF) microneedling. Dr. Na earned a PhD in human anatomy and practiced as a medical doctor in South Korea, before moving to the United States. By 2008, Dr. Na invented an approach to treating dermatological tissue that involved extending small needles, known as microneedles, into the dermatological tissue to apply RF signals. By 2011, Dr. Na invented an approach to use these microneedles to apply RF signals such that the energy was concentrated around each electrode, causing coagulation around each electrode. In 2015, Dr. Na published an article in Scientific Reports, an open-access journal from the prestigious journal Nature that publishes rigorously peer-reviewed research, that demonstrated the RF-induced coagulation around each microneedle. In that article, the authors proposed calling this new effect of independent tissue coagulation around each electrode a "Na effect," naming it after Dr. Na. Persons skilled in the field now refer to this "Na effect" in scientific literature. The approach Dr. Na developed allows for improving the appearance of skin while reducing pain and potential scarring and allowing for less downtime between treatments.

22.     The Asserted Patents resulted from the pioneering efforts of Dr. Na in the area of aesthetic skin treatment devices. These efforts resulted in the development of novel RF microneedling systems, apparatuses and methods for aesthetic dermatological treatment for tightening skin.

23.     The inventions conceived of by Dr. Na and described and claimed in the Asserted Patents improve upon the prior technology, for example by applying RF energy directly using microneedles at desired depths and controlling the conduction time of the RF energy applied.

These inventions achieved the desired tightening of the skin without burning the patient and thus causing pain and scarring.

24. Cutera, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses RF microneedling dermatological treatment devices and components thereof (e.g., needle assemblies), including the Secret RF and Secret Pro (collectively, "the accused products"). *See, e.g.*, Ex. 7. Upon information and belief, this is the primary nature of its business.

25. Serendia is an operating company that markets the Scarlet SRF device for treating and tightening of the skin on the face, scalp, chin, and neck. The Scarlet SRF device has been cleared by the FDA for commercial distribution.

26. Serendia, therefore, competes with Cutera in the market for RF microneedling systems and apparatuses for aesthetic dermatological treatment for tightening skin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,320,536

27. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 26 are as though fully set forth herein.

28. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '536 patent, literally or under the doctrine of equivalents.

29. Claim charts applying the independent claims of the '536 patent to representative accused products are set forth in Exhibits 8 and 9.

30. On information and belief, Cutera has had knowledge of the '536 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the

'536 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

31. On information and belief, since Cutera had knowledge of the '536 patent, Cutera has induced and continues to induce others to infringe the claims of the '536 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '536 patent.

32. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Cutera has had actual knowledge of the '536 patent and that its acts were inducing infringement of the '536 patent since Cutera has had knowledge of the '536 patent.

33. In particular, on information and belief, Cutera induces infringement of the '536 patent by providing demonstrative and informational webinars, videos, and other materials regarding the accused products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '536 patent. *See, e.g.*, Ex. 7.

34. Upon information and belief, since Cutera had knowledge of the '536 patent, Cutera is liable as a contributory infringer of the '536 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '536 patent. These accused products are material

components for use in practicing the '536 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

35. On information and belief, since Cutera had knowledge of the '536 patent, Cutera's infringement has been and continues to be willful.

36. Licensed products have been marked with the '536 patent pursuant to 35 U.S.C. § 287(a).

37. Serendia will be irreparably harmed if Cutera's infringing activities are not enjoined.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,480,836

38. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 37 are as though fully set forth herein.

39. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '836 patent, literally or under the doctrine of equivalents.

40. Claim charts applying the independent claims of the '836 patent to representative accused products are set forth in Exhibits 10 and 11.

41. On information and belief, Cutera has had knowledge of the '836 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '836 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

42. On information and belief, since Cutera had knowledge of the '836 patent, Cutera has induced and continues to induce others to infringe the claims of the '836 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively

aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '836 patent.

43. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Cutera has had actual knowledge of the '836 patent and that its acts were inducing infringement of the '836 patent since Cutera has had knowledge of the '836 patent.

44. In particular, on information and belief, Cutera induces infringement of the '836 patent by providing demonstrative and informational webinars, videos, and other materials regarding the accused products or similar products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '836 patent. *See, e.g.*, Ex. 7.

45. Upon information and belief, since Cutera had knowledge of the '836 patent, Cutera is liable as a contributory infringer of the '836 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '836 patent. The accused products are material components for use in practicing the '836 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

46. On information and belief, since Cutera had knowledge of the '836 patent, Cutera's infringement has been and continues to be willful.

47. Licensed products have been marked with the '836 patent pursuant to 35 U.S.C. § 287(a).

48. Cutera will be irreparably harmed if Cutera's infringing activities are not enjoined.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,775,774

49. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 48 are as though fully set forth herein.

50. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '774 patent, literally or under the doctrine of equivalents.

51. Claim charts applying the independent claims of the '774 patent to representative accused products are set forth in Exhibits 12 and 13.

52. On information and belief, Cutera has had knowledge of the '774 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '774 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

53. Upon information and belief, since Cutera had knowledge of the '774 patent, Cutera has induced and continues to induce others to infringe the claims of the '774 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '774 patent.

54. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Cutera has had actual knowledge of the '774 patent and that its acts were inducing infringement of the '774 patent since Cutera had knowledge of the '774 patent.

55. In particular, on information and belief, Cutera induces infringement of the '774 patent by providing demonstrative and informational webinars, videos, and other materials regarding the accused products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '774 patent. *See, e.g.*, Ex. 7.

56. Upon information and belief, since Cutera had knowledge of the '774 patent, Cutera is liable as a contributory infringer of the '774 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '774 patent. These accused products are material components for use in practicing the '774 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

57. On information and belief, since Cutera had knowledge of the '774 patent, Cutera's infringement has been and continues to be willful.

58. Licensed products have been marked with the '774 patent pursuant to 35 U.S.C. § 287(a).

59. Serendia will be irreparably harmed if Cutera's infringing activities are not enjoined.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,058,379

60. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 59 are as though fully set forth herein.

61. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '379 patent, literally or under the doctrine of equivalents.

62. Claim charts applying the independent claims of the '379 patent to representative accused products are set forth in Exhibits 14 and 15.

63. On information and belief, Cutera has had knowledge of the '379 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '379 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

64. Upon information and belief, since Cutera had knowledge of the '379 patent, Cutera has induced and continues to induce others to infringe the claims of the '379 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '379 patent.

65. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products.  On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Cutera has had actual knowledge of the '379 patent and that its acts were inducing infringement of the '379 patent since Cutera has had knowledge of the '379 patent.

66. In particular, on information and belief, Cutera induces infringement of the '379 patent by providing demonstrative and informational webinars, videos, and other materials

regarding the accused products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '379 patent. *See, e.g.*, Ex. 7.

67. Upon information and belief, since Cutera had knowledge of the '379 patent, Cutera is liable as a contributory infringer of the '379 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '379 patent. These accused products are material components for use in practicing the '379 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

68. On information and belief, since Cutera had knowledge of the '379 patent, Cutera's infringement has been and continues to be willful.

69. Licensed products have been marked with the '379 patent pursuant to 35 U.S.C. § 287(a).

70. Serendia will be irreparably harmed if Cutera's infringing activities are not enjoined.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,869,812

71. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 70 are as though fully set forth herein.

72. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '812 patent, literally or under the doctrine of equivalents.

73. Claim charts applying the independent claims of the '812 patent to representative accused products are set forth in Exhibits 16 and 17.

74. On information and belief, Cutera has had knowledge of the '812 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '812 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

75. Upon information and belief, since Cutera had knowledge of the '812 patent, Cutera has induced and continues to induce others to infringe the claims of the '812 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '812 patent.

76. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Cutera has had actual knowledge of the '812 patent and that its acts were inducing infringement of the '812 patent since Cutera has had knowledge of the '812 patent.

77. In particular, on information and belief, Cutera induces infringement of the '812 patent by providing demonstrative and informational webinars, videos, and other materials regarding the accused products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '812 patent. *See, e.g.*, Ex. 7.

78. Upon information and belief, since Cutera had knowledge of the '812 patent, Cutera is liable as a contributory infringer of the '812 patent under 35 U.S.C. § 271(c) by

14

offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '812 patent. These accused products are material components for use in practicing the '812 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

79. On information and belief, since Cutera had knowledge of the '812 patent, Cutera's infringement has been and continues to be willful.

80. Licensed products have been marked with the '812 patent pursuant to 35 U.S.C. § 287(a).

81. Serendia will be irreparably harmed if Cutera's infringing activities are not enjoined.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 11,406,444

82. Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 81 are as though fully set forth herein.

83. On information and belief, Cutera imports, sells for importation, and/or sells after importation into the United States, the accused products that infringe at least one claim of the '444 patent, literally or under the doctrine of equivalents.

84. Claim charts applying the independent claims of the '444 patent to representative accused products are set forth in Exhibits 18 and 19.

85. On information and belief, Cutera has had knowledge of the '444 patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '444 patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

86. Upon information and belief, since Cutera had knowledge of the '444 patent, Cutera has induced and continues to induce others to infringe the claims of the '444 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cutera's partners and customers, whose use of the accused products constitutes direct infringement of the '444 patent.

87. In particular, Cutera's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, Cutera has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Cutera has had actual knowledge of the '444 patent and that its acts were inducing infringement of the '444 patent since Cutera has had knowledge of the '444 patent.

88. In particular, on information and belief, Cutera induces infringement of the '444 patent by providing demonstrative and informational webinars, videos, and other materials regarding the accused products with specific intent to encourage use of the accused products by its clients, customers, and/or end users whose use of the accused products constitutes direct infringement of the '444 patent. *See, e.g.*, Ex. 7.

89. Upon information and belief, since Cutera had knowledge of the '444 patent, Cutera is liable as a contributory infringer of the '444 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '444 patent. These accused products are material components for use in practicing the '444 patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

90. On information and belief, since Cutera had knowledge of the '444 patent, Cutera's infringement has been and continues to be willful.

91. Licensed products have been marked with the '444 patent pursuant to 35 U.S.C. § 287(a).

92. Serendia will be irreparably harmed if Cutera's infringing activities are not enjoined.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Cutera as follows:

A. Declaring that Cutera has infringed one or more claims of the '536, '836, '774, '379, '812, and '444 patents;

B. Declaring that Cutera's continued infringement of the '536, '836, '774, '379, '812, and '444 patents is willful and awarding enhanced damages under 35 U.S.C. § 284;

C. Awarding damages sufficient to compensate Serendia for Cutera's past infringement of the '536, '836, '774, '379, '812, and '444 patents, and any continuing or future infringement, including pre-judgment and post-judgment interest, costs, or expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. Declaring that this case is exceptional under 35 U.S.C. § 285, and an award of Serendia's reasonable attorneys' fees;

E. Permanently enjoining Cutera, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, sellers and consumers, from continuing acts of infringement; and

F. Awarding any such other relief at law or in equity that the Court deems just and proper.

|  |  |
|---|---|
| Dated: March 1, 2023 | Respectfully submitted<br><br>/s/ *Timothy Devlin*<br>Timothy Devlin<br>tdevlin@devlinlawfirm.com<br>Robert Kiddie (*pro hac vice* to be filed)<br>rkiddie@devlinlawfirm.com<br>Devlin Law Firm LLC<br>1526 Gilpin Avenue<br>Wilmington, Delaware 19806<br>Telephone: (302) 449-9010<br>Facsimile: (302) 353-4251<br><br>Kevin C. Wheeler<br>Cecilia Sanabria<br>Michael A. David<br>**Latham & Watkins LLP**<br>555 11th St. NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Phone: (202) 637-2200<br>kevin.wheeler@lw.com<br>cecilia.sanabria@lw.com<br>michael.david@lw.com<br><br>Charles H. Sanders<br>**Latham & Watkins LLP**<br>200 Clarendon St.<br>Boston, MA 02116<br>Phone: (617) 948-6000<br>charles.sanders@lw.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**Serendia, LLC** |